## PAINE *v.* SNOWDEN.[1]

*(Circuit Court, E. D. Pennsylvania. April 20, 1891.)*

PATENTS FOR INVENTION—PATENTABILITY—ANTICIPATION.

Complainant's patent was for a design for bow-backed chair consisting in having the upper portion of the bow covered with a piece of material conforming to its shape at the top and leaving the rounds between the lower edge of the piece and the seat exposed. *Held,* in view of a prior patent showing a chair having the top of the back formed of a wood strip of some breadth and rounds extending between it and the seat, the design did not possess patentable novelty.

In Equity. Bill by Henry H. Paine to enjoin one Snowden from continuing an alleged infringement of design patent No. 13,405, for backs for chairs, November 14, 1882.

Complainant's claims were:

"(1) The improved design for common round, bow-back chairs, consisting in the upper part of the bow and rounds provided with a sheet of suitable material, as wood, bent to conform to the curvature of said bow-back and rounds, leaving the rounds between said sheet and seat exposed, substantially as and for the purpose specified. (2) The improved design for common round, bow-back chairs, consisting in the upper part of the bow and rounds provided with perforated wooden plates or sheets, substantially as shown and described. (3) The improved design for chairs, which consists in the seat-frame with perforated wood seat and the back with a round bow, and with a perforated wooden plate or sheet secured to said bow near its top, sub-

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

stantially as shown. (4) The improved design for chair backs, which consists of the round bow, A, rounds, B, curved perforated back piece, E, secured to said bow and rounds by ornamental nails, F, G, substantially as shown."

The illustration of complainant's design showed a bow-back chair having a thin ornamental flexible back sheet or plate, cut, bent and given the curvature to fit the bow-back chair and leaving a space between it and the seat in which the rungs were exposed. The defendant put in evidence the following letters patent: J. H. Belter, No. 19,405, February 23, 1858; Michael Ohmer, No. 179,721, July 11, 1876; George Gardner, February 24, 1880, reissue No. 9,094. The patent to Ohmer (a mechanical patent) showed a chair having the top of the back formed of a broad strip having the bottom cut into a somewhat similar form with the bottom of applied piece in the design and having rungs extending between it and the chair-seat.

*Horace Pettitt*, for complainant.

*Hector T. Fenton*, for respondent.

BUTLER, J. We cannot sustain the complainant's patent. In view of the prior state of the art his "design for chair-backs" does not in our estimation show patentable novelty. In appearance, or effect upon the eye, (which alone is involved) the "design" is scarcely distinguishable from Ohmer's chair-backs. The similarity seems greater than that between Gorham & Co.'s "design for spoon and fork handles" and White's involved in the suit of *Gorham* v. *White*, 14 Wall. 511,—where the court found nothing to distinguish the one from the other. If the similarity was less, however, we would have to hold that in view of the old chair-backs shown by the record, including those of Ohmer, the complainant's design shows no invention. A further discussion of the subject is deemed unnecessary. For the reasons stated the bill must be dismissed.